UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JUL 3 0 2009
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal Case No. 04-094 (RBW) |
| ) | |
| SABINO GARCIA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION[1]

This matter last came before the Court on the motion of the defendant, Sabino Garcia, seeking reduction of his 175 month sentence to a sentence of less than 150 months pursuant to 18 U.S.C. § 3582(c)(2) (2006). Motion to Reduce Sentence ("Mot.") at 1. The government does not oppose reducing the defendant's sentence to 150 months, but does oppose any greater reduction of the sentence. Government's Response to Defendant's Motion to Reduce Sentence ("Opp'n") at 1. For the reasons set forth below, the Court declined to reduce the defendant's sentence below 150 months as indicated in its April 23, 2009 Order.[2]

---

[1] The Memorandum Opinion corresponds with and supplements the Court's Order of April 23, 2009.

[2] The Court considered the following papers in resolving the defendant's motion: the defendant's Motion to Reduce Sentence; the Government's Response to Defendant's Motion to Reduce Sentence; and the defendant's Reply to Government's Response to Defendant's Motion to Reduce Sentence.

## I. Background

On December 15, 2004, a jury convicted the defendant of possession with intent to distribute five grams or more of cocaine base, also known as crack, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii) (2006). Mot. at 1; Opp'n at 2. Following the defendant's conviction, but before he was sentenced, the Supreme Court announced its decision in United States v. Booker, 543 U.S. 220 (2005), which held that the sentencing ranges designated by the United States Sentencing Guidelines ("Guidelines") were now advisory and no longer binding on sentencing courts. Id. at 264. This Court then sentenced the defendant on May 20, 2005, to a prison term of 175 months, which was at the top of the applicable sentencing range of 140 to 175 months. Opp'n at 2. On appeal, the District of Columbia Circuit affirmed Mr. Garcia's conviction, concluding that the sentence was supported by the evidence and that "there [wa]s no indication in the record that [this] court treated the Sentencing Guidelines as mandatory." United States v. Garcia, 244 F. App'x 376, 377 (D.C. Cir. 2007), cert. denied, __ U.S. __, __ 128 S. Ct. 2054 (2008).

## II. Legal Analysis

On November 1, 2007, the United States Sentencing Commission ("Commission"), in an effort to alleviate the problems caused by the current 100-to-1 drug quantity ratio between crack and powder cocaine as mandated by 21 U.S.C. § 841, adopted Amendment 706, which reduced the offense levels and corresponding sentence ranges for crack cocaine-related offenses by two points. United States Sentencing Guidelines Manual ("U.S.S.G.") supp. to app. C, amend. 706 (2008). Less than one month later, the Commission issued two additional amendments that made Amendment 706 retroactive

2

and revised Guidelines section 1B1.10, the Commission's policy statement on the application of sentence reductions under 18 U.S.C. § 3582(c)(2) (2006). Id. amend. 712, 713. In those revisions, the Commission made clear that "proceedings under 18 U.S.C. 3582(c)(2) . . . do not constitute a full resentencing of the defendant." U.S.S.G. §1B1.10(a)(3). The revised policy statements also prohibited courts from lowering a "defendant's term of imprisonment . . . to a term that is less than the minimum of the amended [G]uideline range." Id. § 1B1.10(b)(2)(A). Therefore, had the defendant been sentenced under the Commission's amended Guidelines, the crime for which he was convicted would have had a guideline range of 120 to 150 months. Mot. at 2; Opp'n at 6; see U.S.S.G. supp. to app. C, amend. 706, 711 (2008).

18 U.S.C. §3582(c)(2) provides that the Court, in its discretion, may reduce a defendant's sentence if it finds that the 18 U.S.C. § 3553(a) factors warrant a lesser sentence. Here, the defendant contends that the sentence disparity statutorily mandated for crack and powder cocaine convictions,[3] his post-sentencing completion of drug and anger management treatment programs and other educational courses, coupled with his likely deportation following the completion of his sentence warrant the reduction in his sentence. Mot. at 17-18. The defendant further contends that in evaluating the appropriateness of his original sentence, this Court can and should reduce his sentence below the minimum amended guideline range, despite section 1B1.10 policy statements to the contrary. Id. at 7. The defendant maintains that pursuant to the Supreme Court's

---

[3] The maximum amended guideline prison sentence applicable to the defendant as a crack cocaine offender is more than three times greater than the Guideline term of incarceration applicable to a similarly situated defendant convicted of possession with intent to distribute powder cocaine. Mot. at 17.

decision in Booker, the applicable amended Guidelines and policy statements are merely advisory in resentencing proceedings under § 3582(c)(2).[4] Id. at 7-8. It is the defendant's position that if Booker's reasoning is not applied to his motion to reduce his sentence, § 1B1.10 would effectively amount to a mandatorily enforced sentencing mechanism in direct contradiction of the Congress' objective and the Commission's mandate to "permit individualized sentences" because it would preclude courts from considering the factors listed in § 3553(a) and thereby deprive judges of their discretionary power to impose appropriate "individualized sentenc[ing]." Id. at 11 (quoting 28 U.S.C. § 991(b)).

As noted above, the government does not oppose reducing the defendant's sentence to the maximum amended guideline range of 150 months, but does oppose any further reduction. Opp'n at 1. The government argues that Booker is inapplicable to § 3582(c)(2) sentence reductions because (1) Booker is limited to only full sentencing hearings, and (2) the Sixth Amendment issue that formed the basis of the Booker decision is not implicated in § 3582(c)(2) proceedings. Opp'n at 16. Thus, the government contends that the policy statements in section 1B1.10 are mandatory and limit this Court's re-evaluation to only a sentence within the amended Guideline range, while "[a]ll other guideline application decisions made during the original sentencing remain intact."

---

[4] The defendant also argues that the Supreme Court's decision in Kimbrough v United States, 552 U.S. 85, ___, 128 S. Ct. 558, 564 (2007), authorizes this Court to reduce his sentence below the minimum guideline range based solely on policy decisions regarding the "disparity between the Guidelines' treatment of crack and powder cocaine offenses." Mot. at 5 (internal quotation marks omitted). Other courts that have considered similar arguments have dismissed them for the same reason they have found Booker inapplicable to § 3582(c)(2) proceedings. See e.g., United States v. Melvin, 556 F.3d 1190, 1193 (11th Cir. 2009); United States v. Fanfan, 558 F.3d 105, 111 (5th Cir. 2009). Like the Booker issue raised by the defendant, the Court also finds it unnecessary to rule on this claim.

4

Id. at 8 (citation omitted). And because the defendant was originally sentenced to the maximum guideline sentence of 175 months under the pre-amendment guideline range, the government contends that, at most, his sentence can only be reduced to the maximum guideline sentence under the amended range, 150 months. Id. at 8-9.

The Ninth Circuit has adopted the view advanced by the defendant. See United States v. Hicks, 472 F.3d 1167, 1173 (2007). In Hicks, the court found that Booker expressly rejected the idea that the Guidelines could be mandatory in one context and advisory in another due to the "administrative complexities such a system would create". Id. at 1170 (quoting Booker, 543 U.S. at 266). Thus, the Ninth Circuit found that Booker set a "constitutional standard" that applied in every sentencing proceeding, including those under § 3582(c)(2), and required that the sentencing Guidelines be advisory in all contexts. Id. at 1173. While Hicks was decided before the section 1B1.10 revisions that are at issue here were made, the Ninth Circuit did hold that policy statements requiring that the Guidelines be applied mandatorily are void as they are contrary to the mandate of Booker. Id.

Two judges of this Court have followed Hicks. See United States v. Reid, 584 F. Supp. 2d 187, 191-93 (D.D.C. 2008) (holding that Booker dictates that amended Guidelines, when applied in the § 3582(c)(2) context, are advisory and found that § 3553(a) factors, such as defendant's post-sentencing completion of "self-help" courses warranted the reduction of defendant's sentence to 9 months below the minimum amended guideline); United States v. Ragland, 568 F. Supp. 2d 19, 25 (D.D.C. 2008) (concluding that Booker prevented courts from applying guidelines mandatorily in

sentence reductions proceedings and finding that the Sentencing Commission was prohibited from undermining Booker by revising section 1B1.10).

However, a number of circuit courts have more recently held that Booker is inapplicable to § 3582(c)(2) proceedings and therefore the limitation imposed by section 1B1.10 does not implicate the constitutional concerns addressed in Booker. See United States v. Dunphy, 551 F.3d 247, 254 (4th Cir. 2009) (holding that the Hicks analysis was flawed and that Booker did not apply to § 3582(c)(2) because such proceedings were not full sentencing hearings and only allowed for reductions rather than increases to sentences); United States v. Cunningham, 554 F.3d 703, 707 (7th Cir. 2009) (finding that § 3582(c)(2) proceedings did not invoke Booker because they were not full sentencing hearings or resentences, nor did they raise the same Sixth Amendment concern); United States v. Stark, 551 F.3d 839, 842 (8th Cir. 2009) (holding that "neither the Sixth Amendment or Booker prevents Congress from incorporating a guideline provision as a means of defining and limiting a district court's authority to reduce a sentence under § 3582(c)"); United States v. Rhodes, 549 F.3d 833, 841 (10th Cir. 2008) (declaring Booker holding to apply only to original sentence proceedings under § 3553 and thus sentencing court was prohibited in §3582(c)(2) proceedings from modifying sentence below amended guideline minimum as proscribed by section §1B1.10); see also United States v. Fanfan, 558 F.3d 105 (1st Cir. 2009); United States v. Doe, 564 F.3d 305 (3d Cir. 2009); United States v. Melvin, 556 F.3d 1190 (11th Cir. 2009).

However, given the circumstances of this case, the Court finds it unnecessary to decide Booker's applicability to § 3582(c)(2) proceedings. As the transcript from the original sentencing reveals, this Court was convinced from the defendant's prior criminal

6

record that he would continue to commit more crime following the completion of his incarceration. Sentencing Tr. 12: 20-22, May 16, 2005 ("I just have no reason to believe that when you get out, you are going to do anything other than commit more crime."). Thus, in order to protect society from the defendant's future transgressions, this Court chose to incarcerate the defendant at the top-end of the applicable guideline, which was 175 months. Sentencing Tr. 14: 1-6. And in choosing to impose that sentence, the Court reasoned that although a greater sentence was warranted, the goal of avoiding sentencing disparity justified imposing a sentence that adhered to the applicable guideline. Id. at 13:20-22 ("[S]ome degree of uniformity is important to the system . . . [and] other than that, I might be inclined to give you more time.").

Given the defendant's post-sentencing behavior, the Court finds that a two-point sentence reduction as authorized by the Commission's amended Guidelines is warranted. However, the defendant's behavior is not enough to override the § 3553(a) factors, specifically, inter alia, the need to protect the public from the defendant's future crimes, that formed the basis of the defendant's original maximum guideline sentence and, therefore, the Court concludes that the maximum amended sentence of 150 months is the appropriate sentence, taking again into account the § 3553(a) factors. Therefore, although the Court has serious concerns about the applicability of Booker to § 3582(c)(2) proceedings, it need not address the issue of whether Booker allows a judge to reduce a defendant's sentence below the amended Guideline range in § 3582(c)(2) proceedings.

## III. Conclusion

For all of the foregoing reasons, this Court granted the defendant's motion for reduction in his sentence in part and denied it in part in an Order issued on April 23, 2009. Accordingly, his sentence was reduced from 175 months to 150 months.